UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LEONA JORDAN | CIVIL ACTION NO. 09-604 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART LOUISIANA, LLC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Record Document 14] filed on behalf of the Defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc.[1] (hereinafter "Wal-Mart"), wherein Wal-Mart seeks to have the claims of Plaintiff, Leona Jordan, dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes this motion. [Record Document 19]. For the reasons discussed herein, Wal-Mart's Motion for Summary Judgment is **GRANTED.**

## FACTUAL BACKGROUND

On August 27, 2008, Plaintiff filed suit in the 5th Judicial District Court for the Parish of Franklin, State of Louisiana, against Wal-Mart for injuries she allegedly sustained at the Wal-Mart Store #976, located in Winnsboro, Louisiana. [Record Document 1]. She alleges she "slipped on water that had accumulated on the floor," and that it "was an unreasonably dangerous condition" that "defendant should have cleaned up" or "placed warnings signs" around. Id. As a result of the fall, Plaintiff alleges she "sustained damages

---

[1] Although Plaintiff named Wal-Mart Stores, Inc. as a defendant, the proper party is actually Wal-Mart Louisiana, LLC. However, the distinction as to the proper entity is not significant for purposes of this motions.

and injuries to [her] hip, back, knee and leg." Id. Wal-Mart removed the case to the Western District of Louisiana, Shreveport Division, on the basis of diversity jurisdiction. Id.

In its motion for summary judgment, Wal-Mart contends "plaintiff cannot establish that Wal-Mart either created, or had notice of, the condition of the floor giving rise to her fall." [Record Document 14]. In other words, Wal-Mart contends Plaintiff cannot show that a Wal-Mart employee caused the water to be spilled onto the floor, or that the water was on the floor for such a period of time that Wal-Mart should have discovered the spill in the exercise of reasonable care.

Plaintiff opposes the summary judgment motion arguing "there are numerous genuine issues of [material] fact." [Record Document 19]. Specifically, Plaintiff alleges "[t]here may have been a leaking and/or otherwise broken water bottle" left on a cart by a Wal-Mart employee, that the stock clerk employee should have seen the water and taken steps to clean it up, and that another store employee who was approximately eight (8) yards from the view of the spill "arguably should have noticed the wet floor and taken corrective measures to clean it up or place warning signs." Id. Furthermore, Plaintiff alleges Wal-Mart has no store policy for the routine inspection and maintenance of the store and its aisles.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c)

"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).  While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant.  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

**LAW AND ANALYSIS**

Under Louisiana law, a merchant owes a duty to all persons who use its premises "to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A).  Regardless of a merchant's affirmative duty to keep the premises in a reasonably safe condition, however, a merchant is not the insurer of the safety of his patrons. Noel v. Target Corp. of Minn., 2007 WL 2572308, *1 (W.D.La. 2007). Thus, in order to impose liability on a merchant under this statute, the claimant has the burden of proving all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

A merchant is presumed to have "constructive notice" of the condition if "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id.

The Louisiana Supreme Court has made it clear that the plaintiff "must make a positive showing of the existence of the condition prior to the fall." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997). Whether the condition existed for a sufficient period of time is necessarily a fact question. The burden remains on the plaintiff to show *some* time period prior to the fall.[2] Id. ("A claimant who simply shows that the

---

[2]The statute "places a heavy burden of proof on plaintiffs." Bagley v. Albertsons, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quoting Jones v. Brookshires Grocery Co., 847 So.2d 43, 48 (La.App. 2 Cir. 2003)). "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" Id. (quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La.App. 2 Cir. 2003)).

condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."). "A defendant merchant does *not* have to make a positive showing of the *absence* of the existence of the condition prior to the fall." Id. (emphasis added); Noel, 2007 WL 2572308, *2.

Plaintiff testified that she wanted to pass other customers on the aisles with baskets, and that she chose to go down the water bottle aisle because there were no other customers on that aisle. [Jordan Dep. pp. 13-14]. Plaintiff walked down the aisle alone. Id. at p. 14. She did not see the water on the floor before she slipped and did not know how long the water had been on the floor prior to her fall. Id. at pp. 14-15, 64. She also testified that she did not see any footprints or buggy tracks leading up to or away from the water to indicate whether the water had been there for a period of time sufficient to give rise to constructive notice. Id. at pp. 18, 64-65. Plaintiff has no knowledge of anyone who witnessed the incident and has failed to produce any witnesses or evidence to show *how* or *when* the water came to be on the floor.

Plaintiff argues that a water bottle on a cart used by Wal-Mart employees to transport the water bottles from the back to the aisle "may have been leaking," that the puddle of water on the floor was large enough to wet Plaintiff's clothing, and that Wal-Mart employees working near-by "arguably should have noticed the wet floor." [Record Document 19]. This supposition is speculative at best. In the absence of any positive evidence indicating how the water was spilled onto the floor or that the water was on the floor for such a period of time that Wal-Mart should have discovered its existence, Plaintiff has failed to raise a genuine issue of material fact as to constructive notice. See Abshire

v. Hobby Lobby Stores, Inc., 2009 WL 1310893, *3 (W.D.La. 2009) (plaintiff testified that she did not notice the spill on the floor prior to her fall, she did not know how long the bottle was on the floor prior to her fall, and she knew of no one who could testify as to how long the bottle had been there before the incident); Howard v. Family Dollar Store No. 5006, 914 So.2d 118 (La.App. 2 Cir. 2005) (in the absence of additional evidence concerning the origin and mechanics of the spill, the court declined to infer a correlation between the size of the spill and the length of time the spill existed prior to the incident); contra, Bagley v. Albertsons, Inc., 492 F.3d 328 (5th Cir. 2007) (wherein the plaintiff presented testimony from a witness who observed a trail of the substance running down the aisle and into an adjacent aisle); Broussard v. Wal-Mart Stores, Inc., 741 So.2d 65 (La.App. 3 Cir. 1999) (pictures taken by a Wal-Mart employee showed a bottle of dishwashing detergent had spilled from the shelf onto the floor, resulting in a long, elongated spill that spanned three to four tiles).

## CONCLUSION

Based on the foregoing reasons, the Court finds there are no genuine issues of material fact for trial and that Wal-Mart is entitled to judgment in its favor as a matter of law. Accordingly, Wal-Mart's Motion for Summary Judgment [Record Document 14] shall be **granted**, and Plaintiff's claims **dismissed with prejudice**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of April, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE